UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent F. Rivera,<br><br>                        Plaintiff,<br><br>v.<br><br>Mark Sanford, Governor;<br>U.S. Senator Lindsey Graham;<br>South Carolina Department of Juvenile and South Carolina<br>Department (SDOC), Officially and Individually, Etc., et al.,<br><br>                        Defendant(s). | ) C/A No. 9:06-2321-PMD-GCK<br>)<br>)<br>) REPORT<br>) AND<br>) RECOMMENDATION<br>)<br>)<br>)<br>)<br>)<br>) |



This matter is before the Court on a *pro se* complaint and a motion for leave to proceed *in forma pauperis* (motion). Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and motion filed in the above-captioned case. This review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F. 2d 948 (4th Cir. 1979).

This complaint is subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (2006). The Congress enacted the three-strikes rule to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without pre-payment of the filing fee.

The plaintiff is an inmate at the Florida State Prison in Raiford, Florida. The plaintiff is a frequent filer in the federal court system and previously has filed more than two hundred actions in federal courts throughout the country. *See Rivera v. Florida Dept. Of Corr.*, 526 U.S.135 (1999) (constituting plaintiff's thirteenth (13th) frivioulous filing with the United States Supreme Court); *Rivera v. Bredesen*, No.3:06-mc-0075, slip op. (M.D. Tenn. July 31, 2006) (stating plaintiff has filed over two hundred sixty (260) actions in federal court); *In re Rivera*, No. 3:05-mc-21-J, slip op. (M.D. Fla.. May 5, 2005) (listing one hundred forty-three (143) cases filed by plaintiff in that division alone). At least three civil actions filed by the plaintiff have been dismissed as frivioulous, malicious, or failing to state a claim. *See Rivera v. Allin*, 144 F.3d 719, 730-32 (11th Cir.), *cert. denied* 524 U.S. 978 (1998); *Rivera v. Bredesen*, No.3:06-mc-0075, slip op. (M.D. Tenn. July 31, 2006); *In re Rivera*, No. 3:05-mc-21-J, slip op. (M.D. Fla.. May 5, 2005). In light of the plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for "imminent" physical harm provided be the three-strikes rule. 28 U.S.C. § 1915(g); *see Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d cir. 2001); *Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception as the plaintiff does not allege that he is in any danger of serious physical injury.



### Recommendation

It is recommended that the plaintiff's motion for leave to proceed *in forma pauperis* be

denied and the complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).   The plaintiff's attention is directed to the important notice on the next page.

                                            Respectfully Submitted,

August 22, 2006  
Charleston, South Carolina

                                            George C. Kosko  
                                            United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**