IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent F. Rivera, # 518548, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Mark Sanford, Governor; )<br>U.S. Senator Lindsey Graham; )<br>South Carolina Department of Juvenile )<br>and South Carolina Department (SDOC), )<br>Officially and Individually, Etc., et. al., )<br>)<br>)<br>Defendants. )<br>_____) | C.A. No. 9:06-2321-PMD-GCK<br><br>**ORDER** |

This matter is before the court upon the magistrate judge's recommendation that Rivera's ("Rivera" or "Plaintiff") motion for leave to proceed *in forma pauperis* be denied and his complaint be dismissed. The Record contains a Report and Recommendation ("R&R") of a United States magistrate judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On September 5, 2006, Rivera filed timely objections to the R&R.

**BACKGROUND**

Plaintiff is an inmate at the Florida State Prison in Raiford, Florida. On August 17, 2006, Plaintiff filed a motion for leave to proceed *in forma pauperis* and a complaint pursuant to Title 42,

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the magistrate judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding pro se, and submit findings and recommendations to this Court.

1

United States Code, Section 1983. The magistrate judge's R&R recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and his complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the magistrate judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the magistrate judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## ANALYSIS

Congress passed the Prison Litigation Reform Act (the "PLRA") in 1996 to reduce the number of frivolous lawsuits "that were threatening to overwhelm the capacity of the federal judiciary." *Anderson v. XYZ Corr. Health Servs., Inc*., 407 F.3d 674, 676 (4th Cir. 2005). One provision of the PLRA is the "three strikes" provision, which "prohibits a prisoner who has filed three previous suits that were dismissed on specified grounds from proceeding *in forma pauperis* in subsequent suits." *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006). This provision states,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision does not prohibit a prisoner from bringing suit; it merely requires certain prisoners to prepay all filing fees in full. *See Green*, 454 F.3d at 407.

In the R&R, the magistrate judge recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and his complaint be dismissed because Plaintiff previously brought three or more actions in federal court that were dismissed on the grounds that the action was frivolous, malicious, or failed to state a claim upon which relief may be granted. (R&R at 2). In fact, "Rivera has filed hundreds of civil actions in the federal courts, most of which were dismissed as frivolous, malicious, or for failure to state a claim." *Rivera v. Lingle*, No. 06-00406 ACK-LEK, 2006 WL 2425551, at *1 (D. Haw. Aug. 21, 2006); *see also Rivera v. Allin*, 144 F.3d 719, 721 (11th Cir. 1998) (listing three of Rivera's suits the Middle District of Florida dismissed as frivolous, malicious, or failing to state a claim). Rivera filed objections to the R&R, and while his objections are difficult to articulate, the court will address each one in turn.

**1.     Objection One: Section 1915(g) is unconstitutional because it interferes with the First Amendment right to access the courts.**

The First Amendment states, "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. amend. I. Section 1915(g) does not offend the First Amendment because, as the Fourth Circuit stated, "[T]he right of access to federal courts is not a free-floating right, but rather is subject to Congress' Article III power to set limits on federal jurisdiction." *Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir. 1997). Section 1915(g) does not impede a prisoner's access to the federal court system; the provision "merely prohibits him from enjoying [*in forma pauperis*] status. He still has the right to file suits if he pays the full filing fees in advance, just like everyone else." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *see also Rivera*, 144 F.3d at 723. Indeed, the United States Supreme Court has never recognized "an unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees." *United States v. Kras*, 409 U.S. 434, 450 (1973).

When the Supreme Court has struck down filing fees, the cases generally "address situations where a filing fee presents an insurmountable barrier to the protection of certain fundamental rights." *Roller*, 107 F.3d at 232 n.1. For example, in *Boddie v. Connecticut*, 401 U.S. 371, 380-81 (1971), the Court held that denying a married couple access to the court to obtain a divorce because they could not afford to pay the filing fee was a denial of due process. No fundamental right is at issue in Rivera's case, and his complaint does not allege he has suffered any injury. Furthermore, Section 1915(g) "does not render frequent filer prisoners who cannot prepay the entire filing fee without means to reach the courthouse's doors to prevent grave bodily harm." *Rivera*, 144 F.3d at 724. If the prisoner is in "imminent danger of serious physical injury," he or she does not have to prepay the filing fees. *See* 28 U.S.C. § 1915(g). As Rivera alleges no injury at all, this exception does not apply to him.

Accordingly, this court finds no violation of Rivera's First Amendment right to access the courts.

**2.      Objection Two: The PLRA is unconstitutional because it violates the principle of separation of powers.**

Although Rivera argues the PLRA violates the principle of separation of powers, this argument is unclear. He states, "PLRA enforcement vitiates a violation of the principle of separation of powers" because "a federal judge has no lawful power to construct the terms of a federal[ly] guaranteed loan." (Objections at 2). Rivera says this "responsibility is the Congress' alone." (Objections at 2).

The principle of separation of powers is fundamental. "It is the intention of the Constitution that each of the great co-ordinate departments of the government–the Legislative, the Executive, and the Judicial–shall be, in its sphere, independent of the others." *United States v. Klein*, 80 U.S. (13

Wall.) 128, 147 (1871). Pursuant to this principle, "[t]he Legislature would be possessed of power to 'prescrib[e] the rules by which the duties and rights of every citizen are to be regulated,' but the power of '[t]he interpretation of the laws' would be 'the proper and peculiar province of the courts.'" *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 222 (1995) (quoting THE FEDERALIST No. 78 (Alexander Hamilton)).

Rivera appears to argue that judges improperly construct the terms of a federally guaranteed loan when they enforce the PLRA. This argument is without merit[2]. By applying the provisions of the PLRA to a particular case, a judge is merely enforcing the will of Congress. In fact, the provision detailing the fee payment schedule for a prisoner proceeding *in forma pauperis* does not provide a judge with discretion; the provision describes in detail how to calculate the fee payment schedule. *See* 28 U.S.C. § 1915(b). Given that the judge has no discretion under 28 U.S.C. § 1915(b), it can hardly be said that the judge is improperly constructing the terms of a loan.

**3.          Objection Three: The $350 filing fee is an unconstitutional excessive fine.**

Rivera asserts, "The fee for a habeas corpus petition is $5.00. The magistrate judge is charging Mr. Rivera $350.00, which is . . . more than the law allows." (Objections at 2). Rivera bases his argument on the Eighth Amendment, which provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Rivera is correct in stating the filing fee for a habeas corpus petition is only five dollars. *See* 28 U.S.C. § 1914(a). However, Rivera did not file a petition for a writ of habeas corpus; instead,

---

[2] Based on his argument, it appears Rivera asserts 28 U.S.C. § 1915(b) is unconstitutional because it violates the principle of separation of powers. It is unclear how this subsection applies to Rivera, however, as he must prepay the entire filing fee pursuant to 28 U.S.C. § 1915(g).

he filed suit under 42 U.S.C. § 1983. (Complaint at 1). Thus, the magistrate judge did not overcharge Rivera.

Moreover, the filing fee does not implicate the Eighth Amendment's Excessive Fines Clause. "By its plain language, the Excessive Fines Clause of the Eighth Amendment is violated only if the disputed fees are both 'fines' and 'excessive.' . . . The term 'fine' refers to punishment for a criminal offense." *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 420 (3d Cir. 2000) (citations omitted); *see also United States v. Bajakajian*, 524 U.S. 321, 327-28 (1998). Here, Rivera is not being fined at all–he is simply required to prepay the filing fee if he wishes to bring suit. This fee does not implicate the Eighth Amendment because it does not involve punishment for an offense. Therefore, Rivera's Eighth Amendment argument is without merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Rivera's motion for leave to proceed *in forma pauperis* is **DENIED** and his complaint is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 10, 2006**

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.